UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| THE FESTIVITY GROUP, INC. | : | CASE NO. 16-51054-WLH |
| | : | |
| Debtor. | : | |
| | : | |

**MOTION FOR AUTHORITY TO OPERATE BUSINESS OF DEBTOR ON A LIMITED BASIS AND REQUEST FOR EXPEDITED HEARING**

COMES NOW William J. Layng, Jr., as Chapter 7 Trustee ("Trustee" or "Applicant") for the bankruptcy estate of The Festivity Group, Inc. ("Debtor"), and, by and through the undersigned counsel, files this *Motion for Authority to Operate Business of Debtor on a Limited Basis and Request for Expedited Hearing* (the "Motion"). In support of the Motion, Trustee shows the Court as follows:

**Jurisdiction**

1.

This Court has jurisdiction to hear this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion presents a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2.

On January 19, 2016 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). Trustee was appointed and remains the duly acting Chapter 7 trustee for Debtor's bankruptcy estate.

3.

The meeting to be held in this case under 11 U.S.C. § 341(a) (the "Meeting of Creditors") is scheduled to occur on February 23, 2016.

### *a. Business Operations and Inventory*

4.

Debtor is a State of Georgia Corporation, and prior to the Petition Date, Debtor operated various retail stores in Alabama, Georgia, Tennessee, and South Carolina at which it sold women's clothing and related accessories along with home décor items.

5.

Specifically, Debtor operated retail stores at the following locations: (1) 2539 Peachtree St, NW, #2A, Atlanta, Georgia 30305; (2) 265 18th Street, NW, Suite 4160, Atlanta, Georgia 30363; (3) 3720 Roswell Rd, NE, Atlanta, Georgia 30342; (4) 2852 18th Street, South, Homewood, Alabama 35209; (5) 1814 21st Avenue, South, Nashville, Tennessee 37212; (6) 2144 Bandywood Drive, Ste 114, Nashville, Tennessee 37215; and (7) 702 Cross Hill Road, Suite 100B, Columbia, South Carolina 29205.[1]

6.

And, upon information and belief, Debtor operated a storage facility at 2135 Defoor Hills Road, Atlanta, Georgia 30318.

7.

Although Debtor has not filed all of the required bankruptcy disclosure forms, upon information and belief, Debtor is the owner of an assortment of inventory, including dresses, blouses, and related accessories (the "Inventory").

---

[1] Upon information and belief, Debtor also operated a retail store at 1039 North Highland Avenue, NE, Atlanta, Georgia, but this location was closed prior to the Petition Date.

2

8.

At the commencement of Debtor's bankruptcy case, a bankruptcy estate (the "Bankruptcy Estate") was created under 11 U.S.C. § 541(a), and the Bankruptcy Estate includes all of Debtor's legal or equitable interests in property as of the Petition Date and any interest in property that the Bankruptcy Estate acquires after the Petition Date.  11 U.S.C. § 541(a)(1) and (7) (2015).

9.

Consequently, the Inventory is property of the Bankruptcy Estate.

10.

In the exercise of his sound business judgment, Trustee believes that the best way to maximize the value of the Inventory is to open several of Debtor's retail locations for approximately 30 days and to market and sell the Inventory in the ordinary course of Debtor's business.  In particular, Trustee proposes to operate Debtor's Peachtree Battle, Roswell Road and Alabama locations along with its storage facility.  Moreover, in an effort to reduce the costs to the Bankruptcy Estate, Trustee proposes to move the Inventory from Debtor's Tennessee and South Carolina locations to Debtor's Georgia locations.

*b. Security Interests in and Judicial Liens against the Inventory*

11.

Following a review of the public records, and particularly the UCC filings in the State of Georgia and the general execution docket of Fulton County, State of Georgia, Trustee has determined that Wells Fargo Bank, N.A. and IberiaBank, successor by merger to Georgia

3

Commerce Bank ("IberiaBank"), may have security interests in the Inventory.[2] Although he is still gathering information regarding the alleged claim of Wells Fargo Bank, N.A., Trustee estimates its claim to have a balance of approximately $60,000.00. And, based on Debtor's disclosure forms, Trustee estimates the balance of IberiaBank's claim to be approximately $232,000.00. In addition, Trustee has determined that the following entities may have judgment or tax liens against the Inventory in the following amounts:

| Lienholder | Purported Basis for Lien | Face Amount |
|---|---|---|
| Gift Box of America, Inc. | Writ of Fi Fa | $ 3,510.88 |
| State of Georgia and Fulton County | Tax Fi Fa | $     35.45 |
| City of Atlanta | Tax Fi Fa | $ 1,564.82 |
| City of Atlanta | Tax Fi Fa | $ 1,867.52 |
| City of Atlanta | Tax Fi Fa | $ 2,110.06 |
| State of Georgia and Fulton County | Tax Fi Fa | $    520.84 |
| State of Georgia and Fulton County | Tax Fi Fa | $    620.27 |
| State of Georgia and Fulton County | Tax Fi Fa | $    701.87 |
| Gallery Classic, Inc. d/b/a White X White | Writ of Fi Fa | $ 4,545.64 |
| Sypher Sportswear & Design, Inc. | Writ of Fi Fa | $ 8,614.54 |

12.

Trustee estimates that the Inventory has sufficient value to pay a greater amount to these purported security interest/lien holders by operating Debtor's retail locations than would result from a simple liquidation of the Inventory.

**Relief Requested**

13.

Trustee requests authority to operate the business of Debtor for a limited period until Trustee is able to liquidate the Inventory for the benefit of the Bankruptcy Estate.

---

[2] During initial discussions with Wells Fargo Bank, N.A., it could not confirm whether it held a security interest in the Inventory, and it is in the process of verifying the nature of its claim against Debtor, whether secured or unsecured.

4

14.

In addition, Trustee requests that this matter be set for hearing on an expedited basis.

**Basis for Relief**

15.

Under 11 U.S.C. § 105(a), a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a) (2015).

16.

Under 11 U.S.C. § 721, a bankruptcy court may authorize a trustee to operate a business of a debtor for a limited period if the operation of the business is in the best interests of the bankruptcy estate and consistent with the orderly liquidation of the estate. 11 U.S.C. § 721 (2015).

17.

By operating Debtor's business for a limited period, Trustee will be able to maximize the value of the Inventory for all interested parties. In short, by operating Debtor's business, Trustee will be able to reach the greatest number of potential buyers and recover the true value of the Inventory. And, Trustee estimates that by operating Debtor's business, he will be able to make a meaningful distribution to the unsecured creditors in this case.

18.

Trustee is in the process of negotiating a carve-out agreement with Wells Fargo Bank, N.A. and IberiaBank, and Trustee will supplement this Motion as these discussions progress.

WHEREFORE, Trustee respectfully requests that the Court:

(a)     Enter an order authorizing the operation of Debtor's business;

5

(b) Set this matter for hearing on an expedited basis; and

(c) Grant such other and further relief as the Court deems just or proper.

Respectfully submitted this 5th day of February, 2016.

                    ARNALL GOLDEN GREGORY LLP
                    *Attorneys for Chapter 7 Trustee*

                    By: */s/ Michael J. Bargar*

171 17th Street, NW, Suite 2100      Michael J. Bargar
Atlanta, GA 30363                       Georgia Bar No. 645709
(404) 873-8500                          michael.bargar@agg.com

## CERTIFICATE OF SERVICE

**I,** Michael J. Bargar, certify that I am over the age of 18 and that on February 5, 2016, I served a copy of the foregoing *Motion for Authority to Operate Business of Debtor on a Limited Basis and Request for Expedited Hearing* by first class United States mail or electronic mail, as indicated, with adequate postage prepaid, on the following persons or entities at the addresses stated:

**Electronic Mail**
Martin P. Ochs
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303
Email: jeneane.treace@usdoj.gov
Email: martin.p.ochs@usdoj.gov

**Electronic Mail**
William J. Layng, Jr.
William J. Layng, Jr., PC
Suite 3477
2451 Cumberland Parkway
Atlanta, GA 30339
Email: blayng@wlaynglaw.com

**Electronic Mail**
S. Gregory Hays
Hays Financial Consulting, LLC
3343 Peachtree Road, NE, Suite 200
Atlanta, GA 30326
Email: ghays@haysconsulting.net

**Electronic Mail**
J. Michael Lamberth
Lamberth, Cifelli, Ellis & Nason, P.A.
1117 Perimeter Center West, Suite W212
Atlanta, GA 30338
Email: jml@lcsenlaw.com

**Electronic Mail**
Victor W. Newmark
Wiles & Wiles, LLP
800 Kennesaw Avenue, Suite 400
Marietta, GA 30060
Email: bankruptcy@evict.net

**First Class Mail**
The Festivity Group, Inc.
c/o Colleen Nilan
2135 Defoor Hills Road
Atlanta, GA 30318

**Electronic Mail**
Joseph J. Burton, Jr.
Mozley, Finlayson & Loggins, LLP
One Perimeter Plaza-- Suite 900
5605 Glenridge Drive
Atlanta, GA 30342
Email: jburton@mfllaw.com

**Electronic Mail**
Kevin A. Stine
Baker, Donelson, Bearman,
Caldwell & Berkowitz, PC
1600 Monarch Plaza
3414 Peachtree Road, NE
Atlanta, GA 30326
Email: kstine@bakerdonelson.com

**Electronic Mail**
Alto Lee Teague, IV
ENGEL, HAIRSTON & JOHANSON, P.C.
4th Floor 109 North 20th Street (35203)
Birmingham, AL 35202
Email: lteague@ehjlaw.com

This 5th day of February, 2016.

                                              */s/ Michael J. Bargar*
                                              Michael J. Bargar
                                              Georgia Bar No. 645709