UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| THE FESTIVITY GROUP, INC. | : | CASE NO. 16-51054-WLH |
| | : | |
| Debtor. | : | |
| | : | |

**TRUSTEE'S MOTION FOR AUTHORITY TO SELL PERSONAL PROPERTY AT PRIVATE SALE FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES AND REQUEST FOR EXPEDITED HEARING**

COMES NOW William J. Layng, Jr., as Chapter 7 Trustee ("**Trustee**") for the bankruptcy estate (the "**Bankruptcy Estate**") of The Festivity Group, Inc. ("**Debtor**"), by and through undersigned counsel, and, pursuant to 11 U.S.C. § 363 and Rule 6004 of Federal Rules of Bankruptcy Procedure, files *Trustee's Motion for Authority to Sell Personal Property at Private Sale Free and Clear of Liens, Claims, and Encumbrances and Request for Expedited Hearing* (the "**Motion**"). In support of the Motion, Trustee respectfully shows the Court the following:

**Jurisdiction**

1.

This Court has jurisdiction to hear this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion presents a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2.

On January 19, 2016 (the "**Petition Date**"), Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**"). Trustee was appointed and remains the duly acting Chapter 7 trustee for Debtor's bankruptcy estate.

1

3.

The meeting to be held in this case under 11 U.S.C. § 341(a) (the "**Meeting of Creditors**") was held and concluded on February 23, 2016.

### *a. Business Operations*

4.

Debtor is a State of Georgia Corporation, and prior to the Petition Date, Debtor operated various retail stores in Alabama, Georgia, Tennessee, and South Carolina, at which it sold women's clothing and related accessories along with items of home décor, including furniture, shelving, chandeliers, and other household items.

5.

Specifically, Debtor operated retail stores at the following locations: (1) 2539 Peachtree St, NW, #2A, Atlanta, Georgia 30305 (the "**Peachtree Battle Store**"); (2) 265 18th Street, NW, Suite 4160, Atlanta, Georgia 30363(the "**Atlantic Station Store**"); (3) 3720 Roswell Rd, NE, Atlanta, Georgia 30342 (the "**Roswell Road Store**"); (4) 2852 18th Street, South, Homewood, Alabama 35209 (the "**Alabama Store**"); (5) 1814 21st Avenue, South, Nashville, Tennessee 37212 (the "**First Tennessee Store**"); (6) 2144 Bandywood Drive, Ste 114, Nashville, Tennessee 37215 (the "**Second Tennessee Store**"); and (7) 702 Cross Hill Road, Suite 100B, Columbia, South Carolina 29205 (the "**South Carolina Store**").[1]

---

[1] Upon information and belief, Debtor also operated a retail store at 1039 North Highland Avenue, NE, Atlanta, Georgia, but this location was closed prior to the Petition Date.

8645029v2

6.

And, upon information and belief, Debtor operated a storage facility at 2135 Defoor Hills Road, Atlanta, Georgia 30318 (the "**Warehouse**").

7.

To assist it in its retail operations, Debtor owned various fixtures through which it marketed its inventory, including counters, display cases, mannequins, clothing stands, etc. (the "**Display Items**"). Debtor's Display Items were never permanently affixed and were never intended to be fixtures at any of its retail stores.[2]

8.

The Alabama Store and Roswell Road Store also contain various storage racking and store equipment (the "**Store Equipment**"), which are of inquisitional value.

9.

A schedule of the Display Items and Store Equipment is attached hereto and incorporated herein by reference as Exhibit "A."

10.

Trustee vacated and turned over the Atlantic Station store prior to the Petition Date. And, Trustee has vacated and turned over the premises at the: (1) Peachtree Battle Store; (2) the First Tennessee Store; (3) the Second Tennessee Store; and (4) the South Carolina Store.

11.

Trustee moved the Display Items and Store Equipment from these locations to Debtor's Warehouse or its Roswell Road Store.

---

[2] Based on offers that he has received to purchase the Display Items from customers that have frequented the Roswell Road Store and the Alabama Store while Trustee has been operating Debtor's business, Trustee estimates that besides the large counters with shelves none of them individually have a value greater than $1,000.00

12.

Following an order of this Court [Doc. No. 33] (the "**Operating Order**"), Trustee has been operating Debtor's business under 11 U.S.C. § 721 out of the Roswell Road Store, the Alabama Store, and the Warehouse by selling Debtor's inventory, including women's clothing and related accessories along with items of home décor (i.e., furniture, shelving, chandeliers, etc.).

13.

From February 17, 2016 through the close of business on Sunday, March 13, 2016, Trustee has generated approximately $175,000.00 in gross sales from these operations.

14.

Under 11 U.S.C. § 541(a), the Display Items and Store Equipment are property of the Bankruptcy Estate. *See* 11 U.S.C. § 541(a)(1) (2015).

15.

Trustee intends to shut down and vacate the Alabama Store at the end of March, 2016.

16.

In the exercise of his sound business judgment, Trustee believes that it is too costly to move the Display Items and Store Equipment from the Alabama Store to Atlanta.[3] Trustee believes that the best way to maximize the value of the Display Items and Store Equipment for the benefit of the Bankruptcy Estate is to sell them to private buyers at the Alabama Store.

---

3    Trustee estimates that the costs of packaging and moving these items would be approximately $3,000.00.

4

17.

In addition, so that Trustee does not have to expend additional resources, including attorney's fees, when he prepares to close the Roswell Road location, Trustee is also requesting authority to sell all Debtor's Display Items and Store Equipment located in Georgia.

18.

The sale of the Display Items and Store Equipment through private sale is in the spirit of the operation and liquidation of Debtor's business, as approved by the Operating Order. Nevertheless, Trustee is filing this Motion out of an abundance of caution.

*b. Security Interests in and Judicial Liens against the Display Items and Store Equipment*

19.

Following a review of the public records, and particularly the UCC filings in the State of Georgia and the general execution docket of Fulton County, State of Georgia, Trustee has determined that IberiaBank, successor by merger to Georgia Commerce Bank ("**IberiaBank**"), likely has a first priority security interest in Debtor's personal property, including the Display Items and Store Equipment.  Although Wells Fargo Bank, N.A. also filed a UCC-1 of record, naming Debtor as the debtor, it has informed Trustee that it is not asserting a security interest in Debtor's property, including the Display Items and Store Equipment.[4]  Based on Debtor's bankruptcy disclosure forms, Trustee estimates the balance of IberiaBank's claim to be approximately $232,000.00.  In addition, Trustee has determined that the following entities may

---

4    During initial discussions with Wells Fargo Bank, N.A., it could not confirm whether it held a security interest in the Inventory, and it is in the process of verifying the nature of its claim against Debtor, whether secured or unsecured.

5

8645029v2

have judgment or tax liens against the Display Items and Store Equipment in the following amounts:

| Lienholder | Purported Basis for Lien | Face Amount |
| --- | --- | --- |
| Gift Box of America, Inc. | Writ of Fi Fa | $ 3,510.88 |
| State of Georgia and Fulton County | Tax Fi Fa | $     35.45 |
| City of Atlanta | Tax Fi Fa | $ 1,564.82 |
| City of Atlanta | Tax Fi Fa | $ 1,867.52 |
| City of Atlanta | Tax Fi Fa | $ 2,110.06 |
| State of Georgia and Fulton County | Tax Fi Fa | $    520.84 |
| State of Georgia and Fulton County | Tax Fi Fa | $    620.27 |
| State of Georgia and Fulton County | Tax Fi Fa | $    701.87 |
| Gallery Classic, Inc. d/b/a White X White | Writ of Fi Fa | $ 4,545.64 |
| Sypher Sportswear & Design, Inc. | Writ of Fi Fa | $ 8,614.54 |

20.

The Writ of Fi Fa of Gift Box of America, Inc. is over 12 years old. Tax liens are next in priority based on the first in time first in right principle of law. Trustee intends to subordinate the, next-in-priority, tax liens under 11 U.S.C § 724(b) to the extent that he is able to overcome the security interest of IberiaBank.

**Relief Requested**

21.

Trustee requests authority to sell by private sale, and at his sole discretion, the Display Items and Store Equipment free and clear of all liens, claims, and encumbrances, with all valid liens, claims, and encumbrances attaching to the resulting sales proceeds with the same extent, validity, and priority as they had in the Display Items and Store Equipment.

8645029v2

22.

In addition, Trustee requests that the Court waive the stay of the Order approving the proposed sales as authorized under Federal Rule of Bankruptcy Procedure 6004(h).

23.

Finally, Trustee requests that this matter be set for hearing on an expedited basis.

**Basis for Relief**

*a. Proposed Sale*

24.

Section 363 of the Bankruptcy Code authorizes a trustee "after notice and a hearing . . . [to] use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1) (2015). Section 105 of the Bankruptcy Code grants this Court the authority to "issue any order, process, or judgment necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a) (2015).

25.

The proposed use, sale, or lease of property of a bankruptcy estate may be approved under 11 U.S.C. § 363(b) if it is supported by sound business justification. *See, e.g., Institutional Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc. (In re Continental Air Lines)*, 780 F.2d 1223, 1226 (5th Cir. 1986) ("[F]or a . . . trustee to satisfy its fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business.").

26.

Trustee has determined in the sound exercise of his business judgment that the sale of the

Display Items and Store Equipment is in the best interest of the Bankruptcy Estate and its creditors. Because Trustee will be required to store the Display Items and Store Equipment (and potentially pay to move those Display Items and Store Equipment currently located in Alabama), if Trustee does not sell the Display Items and Store Equipment as described herein, the value realized from these assets may be lessened or, frankly, nonexistent. Moreover, if Trustee is required to seek Court authority to sell the Display Items and Store Equipment individually, the administrative expenses would far exceed the benefit to the Bankruptcy Estate. Finally, selling the Display Items and Store Equipment by private sale will allow Trustee to avoid any commission that would result from auctioning the Display Items and Store Equipment at any forthcoming remnant sale.

### *b. Reporting Sale Results*

27.

To satisfy any reporting requirements, Trustee will report the results of the proposed sale as part of his periodic report and summaries required under 11 U.S.C. § 704(a)(8) as part of Trustee's operating of the Debtor's business under 11 U.S.C. § 701.

### *c. Sale Free and Clear*

28.

Section 363(f) of the Bankruptcy Code authorizes a trustee to sell property under Section 363(b) free and clear of any interest in such property if, among other things: (i) the price at which the Property is to be sold is greater than the aggregate of the liens on such property; (ii) the interests are subject to a bona fide dispute; (iii) the entities asserting liens on the Property consent to its sale; or (iv) the entities asserting liens on the Property could be compelled in a legal or

8

8645029v2

equitable proceeding to accept a money satisfaction of their interests. 11 U.S.C. § 363(f) (2015). Specifically, that code section provides:

> **(f)** The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if-
>
> **(1)** applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> **(2)** such entity consents;
> **(3)** such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> **(4)** such interest is in bona fide dispute; or
> **(5)** such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

*Id.*

29.

As set forth above, under 11 U.S.C. § 363(f)(2), a Trustee can sell free and clear of an entity's interest if such entity consents. 11 U.S.C. § 363(f)(2) (2015).

30.

Counsel for Trustee has spoken to counsel for IberiaBank, and from these discussions Trustee has learned that IberiaBank has no opposition to a sale of the Display Items and Store Equipment free and clear of its interest so long as its interest attaches to the resulting proceeds with the same extent, validity, and priority that it had in the Display Items and Store Equipment. Thus, Trustee can sell free and clear of its interest.

31.

What is more, under 11 U.S.C. § 363(f)(5), a trustee may sell property free and clear of a junior security holder's interest if the interest of the junior security holder can be eliminated under State foreclosure sale proceedings. *See In re Jolan, Inc.*, 403 B.R. 866 (Bankr. W.D. Wash.

9

2009); *In re Boston Generating, LLC, et al.*, 440 B.R. 302 (S.D. N.Y. 2010); *In re Wrangell Seafoods, Inc.*, Case No. K09-00012-DMD, slip op. at 2-3 (Bankr. D. Alaska March 9, 2009).

32.

In Georgia, in the real property context, both a foreclosure sale under power of sale and a judicial foreclosure sale cut off inferior liens, claims, and encumbrances in and to the foreclosed property. *See Rockmart Bank v. Doster*, 213 S.E.2d 645 (Ga. 1975) (stating that a foreclosure sale under a power of sale divests all junior encumbrances on the property); *Parker v. Cherokee Bldg. Supply Co.*, 64 S.E.2d 51 (Ga. 1951) (stating that the purchaser at a judicial foreclosure sale obtains full title to the subject property).

33.

The same is true with personal property. *See* Ga. Code Ann. § 11-9-617 (2015) (providing that a purchaser of personal property from a foreclosure sale takes all the debtor's rights, and the sale discharges all security interests).

34.

Here, Debtor is in default under the terms of the note secured by the interest of IberiaBank in the Display Items and Store Equipment. As a result, under applicable law, Trustee may sell the Display Items and Store Equipment free and clear of all interests junior to the interest of IberiaBank because these interests can be eliminated under State foreclosure sale proceedings.

35.

In sum, a sale free and clear of liens, claims, and encumbrances is authorized with regard to any holder of a claim allegedly secured by a lien in the Display Items and Store Equipment because: (i) IberiaBank does not oppose the relief requested herein; and (ii) the entities asserting

10

8645029v2

liens junior to the interest of IberiaBank could be compelled in a legal or equitable proceeding to accept a money satisfaction of their interests.  See 11 U.S.C. § 363(f) (2015).

### d. Expedited Hearing

36.

Trustee intends to close the Alabama Store no later than March 31, 2016.  So that he is able to remove all assets and vacate (and avoid additional administrative expense, rent claims), Trustee requests that this matter be set for hearing as soon as practicable.   Because IberiaBank has no opposition to the relief requested in this Motion, and because the relief requested is in the spirt of the relief that Trustee previously requested and the Court approved in the Operating Order, shortening the notice period is well within the Court's discretion.

**WHEREFORE,** Trustee respectfully requests that the Court enter an order:

(a) Scheduling a hearing on this Motion on an expedited basis;

(b) Authorizing and approving the sale of the Display Items and Store Equipment free and clear of all liens, claims, and encumbrances through private sales;

(c) Authorizing the proposed sales to be consummated immediately as allowed by Federal Rules of Bankruptcy Procedure Rule 6004(h); and

(d) Granting such other and further relief as the Court deems just or appropriate.

Respectfully submitted this 17th day of March, 2016.

ARNALL GOLDEN GREGORY LLP
*Attorneys for Trustee*

By:*/s/ Michael J. Bargar*
Michael J. Bargar
Georgia Bar No. 645709
michael.bargar@agg.com

171 17th Street, NW, Suite 2100
Atlanta, Georgia 30363
404-873-8500

11

8645029v2

**EXHIBIT "A" FOLLOWS**

8645029v2

**Festivity- Display Items and Equipment**

**Display Items**

| Type | Quantity | Location |
| --- | --- | --- |
| Circular Wooden Tables | 4 | Atlanta |
| Computer Desk/Chair Set | 8 | Atlanta |
| Wire Coat Racks | 4 | Atlanta/Homewood |
| Display Cart | 1 | Atlanta |
| Conference Style Table/Set | 1 | Atlanta |
| Large Counter w/Shelves | 3 | Atlanta/Homewood |
| Jewelry Display Cases | 10 | Atlanta/Homewod |
| Clothing Racks | 10 | Homewood |

**Misc.**
Boxes of Hangers
Boxes of Jewelry Holders/Props
Full/Half Body Mannequins
Steel Racks
Clothing Stands/Metal
Plastic Jewelry Holders

**Equipment**
Two Vacuums
Computer Monitors
Dress Steam Cleaner
Miscellaneous Supplies/Paper/Cleaning
Two Microwave Ovens
Mini Refrigerator (3)
Wine Cooler  (1)
Break Room Table